| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | QUINN HOCHHALTER<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-139 WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER |
| v. | |
| DAVID DONALD SAVAGE, | DATE: July 29, 2019<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 29, 2019.

2. By this stipulation, defendant now moves to continue the status conference until September 16, 2019 at 9:00 a.m., and to exclude time between July 29, 2019, and September 16, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, photographs, and related documents in electronic form. The discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)  Counsel for defendant desires additional time to consult with her client, review the charges, conduct investigation and research related to the charges, and discuss potential resolutions with her client and otherwise prepare for trial.

    c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)  The government does not object to the continuance.

    e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 29, 2019 to September 16, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated: July 23, 2019          McGREGOR W. SCOTT
                    United States Attorney

                    /s/ QUINN HOCHHALTER
                    QUINN HOCHHALTER
                    Assistant United States Attorney

Dated: July 23, 2019         /s/ Quinn Hochhalter for
                    Hannah Labaree

                                            Hannah Labaree
                                            Counsel for Defendant
                                            DAVID DONALD SAVAGE

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.

Dated: July 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE